MEMORANDUM **
Mark Dennison appeals the district court’s denial of his 42 U.S.C. § 1983 claim. Dennison alleges that the termination of his employment as a police officer from the City of Phoenix (Oregon) Police Department (“Police Department”) without opportunity for a hearing violated his right to due process. The district court granted summary judgment for appellees, the City of Phoenix (“City”) and Chief of Police Robert Kershaw, and remanded Dennison’s remaining state claims to state court. We review the district court’s grant of summary judgment de novo, see Simkins v. NevadaCare, Inc., 229 F.3d 729, 733 (9th Cir.2000), and affirm.
In order to succeed on a § 1983 claim based upon procedural due process, Dennison “must, as a threshold matter, establish that he had a property right in his position.” See Koepping v. Tri-County Metro. *100 Transp. Dist. of Or., 120 F.3d 998, 1005 (9th Cir.1997). Under Oregon law, probationary employees do not have a property interest in them continued employment, and thus have no constitutional right to a termination hearing. Papadopoulos v. Or. State Bd. of Higher Educ., 14 Or.App. 130, 511 P.2d 854, 871-72 (1973). The statutory protections given full-time police officers under Oregon law explicitly except probationary employees. Or.Rev.Stat. § 236.370(1).
Dennison is a probationary employee per the City of Phoenix Personnel Handbook governing City employees (“Handbook”). The Handbook states that a “Trial Service Employee” is:
A new, newly promoted, transferred or reappointed employee being evaluated for a period of 18 months to determine whether they can satisfactorily perform the duties of the position.
This eighteen month probationary period is modified by statute to twelve months. See Or.Rev.Stat. § 236.370 (“[This chapter’s provisions] do not apply to disciplinary action taken against police officers who are: (1) In an initial probationary period of employment that does not exceed 12 months ....”) (emphasis added).
The provisions of the Handbook are applicable to Dennison because he constituted an “employee” within the meaning of the Handbook, and the Handbook by its terms applied to “all employees unless other provisions are made by either union contracts or personal service contracts.” Dennison was not subject to a union contract and there is no evidence that he entered into a personal service contract with the Department. Dennison was terminated within one year of when he began to receive wages from the City, and was thus a probationary employee at the time of his termination.
Dennison argues that he did not have notice of his probationary status because the City’s personnel policies were never communicated to him. Although nothing in the statute requires employees to be on notice of their probationary status, Dennison in any event signed off that he had received and reviewed the Police Manual, which incorporated the Handbook. Dennison waived his argument that the version of the Handbook submitted to the district court was not in effect when he signed off; he not only failed to object to the Handbook, he submitted pages from it himself.
In sum, as a probationary employee, appellant had no protected property interest in his continued employment, see Papadopoulos, 511 P.2d at 871-72, and thus cannot claim deprivation of his procedural due process rights.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.